Hearing Schedule:
Date February 24, 2016
Time: 9:00 AM
Location: Portland, Maine
Objection Date: February 9, 2016

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| Debra Ann Bradley | ) | |
| | ) | CASE NO. Case 15-20710 |
| CHAPTER 13 PLAN | | |

Now comes the creditor, Richard K. Bradley and objects to confirmation of the Debtor's Chapter 13 Plan pursuant to 11 U.S.C. §§ 2324-1325 as follows:

**Statement Of Facts:**
The Debtor, Debra Ann Bradley, whose date of birth is August 21, 1959, and the Creditor, Richard K. Bradley were divorced by an order of the District Court on February 23, 2010 (August 6th. 2014 Order, Exhibit I). The Order of the Court (August 6th. 2014 Order, Exhibit II) incorporated the notarized agreement (Agreement, Exhibit III) of the parties which provided that "I Debra Bradley agree to pay Richard Bradley 15% of a workman claim filed September 2nd 2009". (Agreement, Exhibit III)  On or about March 29, 2010, the Creditor, Richard K. Bradley, through counsel filed a claim of lien with the Worker's Compensation Board. (Lien Claim, Exhibit IV). The Creditor, Richard K. Bradley, through counsel, made notice upon the Debtor's Worker's Compensation counsel of the lien and made demand for payment. (Lien Claim And Demand, Exhibit V).

The Debtor, Debra Ann Bradley settled her Worker's Compensation Claim on April 18th, 2013 in the amount of $155,000.00 but failed and refused to pay the Creditor, Richard K. Bradley the amount due of $23,250.00 and as ordered. (August 6th. 2014 Order, Exhibit I).

The Debtor, Debra Ann Bradley, received a lump sum settlement from worker's compensation claim of $134,000. and purchased a residence in Rumford, Maine for $70,000, and made further initial improvements of $7000. in the real property and later exhausted the sum of $40,000 from due for future medical support in further investments in the real property. (December 12, 2014 Order, Exhibit VI).

**Objection To Confirmation:**

**Plan Not Filed In Good Faith**
The Debtor's Plan has not been filed in good faith as required pursuant to Title 11, Chapter 13 § 1325(3). The Debtor abuses the bankruptcy process to subvert the jurisdiction and authority of the State Court. The Debtor, Debra Ann Bradley, whose date of birth is August 21, 1959 is ineligible to claim a homestead exemption pursuant to 14 M.R.S.A.§ 4422 1(B); the lien claimed by the Creditor, Richard K. Bradley, preceded the creation of the estate in real property.

The Debtor, Debra Ann Bradley and the Creditor, Richard K. Bradley were divorced by an order of the District Court on February 23, 2010. The Order of the Court (August 6th. 2014 Order, Exhibit I) incorporated the notarized agreement (Exhibit II) of the parties which provided that "I Debra Bradley agree to pay Richard Bradley 15% of a workman claim filed September 2nd 2009".

The Debtor, Debra Ann Bradley, received a lump sum settlement from worker's compensation claim of $134,000. and purchased a residence in Rumford, Maine for $70,000, and made further initial improvements of $7000.

2

in the real property and later exhausted the sum of $40,000 due for future medical support in further investments in the real property. (December 12, 2014 Order, Exhibit VI).

The District Court found the Debtor, Debra Ann Bradley in contempt by its order on August 6th. 2014 specifically finding that "by incorporating the hand written agreement, the Divorce Judgment required the Defendant to pay Plaintiff 15% of the proceeds from her worker's compensation claim. The District Court further finding by clear and convincing evidence that the Defendant has failed to make the required payment to the Plaintiff. (August 6th. 2014 Order Exhibit I)

Debtor, Debra Ann Bradley, filed her very-thin Chapter 13 Case in order to subvert the Orders of the State District Court and must be found to be filed not in good faith and must be dismissed.

**Lien Stripping Not Permissible**

The Debtor's Chapter 13 Plan purports to provide that the lien claim of the creditor, Richard K. Bradley will be stripped by a separate motion on the basis that the secured claim impairs the exemption claimed by the Debtor.

The debtor liquidated an award made under a worker's comp claim, using the proceeds to purchase real property which the Debtor now claims as a principal residence. The Debtor in Chapter 13 claims a homestead exemption pursuant to 14 M.R.S.A. § 4422(1)(B). The Debtor, Debra Ann Bradley, is ineligible to claim a homestead exemption pursuant to 14 M.R.S.A. § 4422(1)(B) in the amount of $95,000 whereas Debra Bradley is not over the age of 60 years.

Pursuant to §522(f)(1) of the Bankruptcy Code, to the extent that a judicial lien encumbers the homestead exemption, the lien may be voided if the debtor was vested in the new estate prior to the fixing of the judicial lien.

In order for a lien to be avoidable under § 522(f)(1), the debtor must hold an interest in debtor's newly created estate prior to the fixing of the lien in order for there to be a "fixing of a lien on an interest of the debtor" within the meaning of § 522(f)(1). *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991) -- In Re Simons, 193 B.R. 48 (Oklahoma State Courts 1996).

The Creditor, Richard K. Bradley had an equitable lien in the worker's comp claim as marital property which follows the liquidated proceeds. This equitable lien attached to the liquidated proceeds prior to the vesting of the real property in the Debtor. The proceeds liquidated into the real property were burdened with the equitable lien prior to the vesting of title in the Debtor.

The Plaintiff's equitable lien may not be stripped pursuant to § 522(f)(1) where it previously attached to the proceeds. The Debtor's Plan may not be confirmed and the Chapter 13 must be dismissed.

Dated this 9th day of February, 2016

*[signature: Stephean Chute]*

---
Stephean C. Chute, Esq.
Attorney for The Creditor,
Richard K. Bradley