STATE OF MAINE  
Oxford, ss.

DISTRICT COURT  
Location: South Paris  
Docket No. SOP- FM-09-172

RICHARD K BRADLEY, Plaintiff

vs.

DEBRA A BRADLEY, Defendant

**DIVORCE JUDGMENT**  
[ x ] Title to Real Estate Involved

Notice of the pendency of this divorce has been duly and seasonably given according to law. The following parties were present: [X] Plaintiff [ ] Defendant. A hearing was held and it is ORDERED as follows:

1. DIVORCE.

    A divorce is granted to __X__ Plaintiff _____ Defendant on the grounds of:

    [X] Irreconcilable marital differences  
    [ ] Other: _____

2. SETTLEMENT AGREEMENT OF THE PARTIES.

    [X] The parties' written agreement, dated __12/22/09__, is incorporated, but not merged, in this Judgment.

3. PROPERTY.

    [ ] **Personal Property.** Except as otherwise set forth in this Judgment, each party is awarded the personal property in his or her possession and the bank accounts in his or her name.

    [X] **Real Estate.** The real estate described in a deed recorded in the __Oxford__ County Registry of Deeds in Book __3627__, Page __225__ is awarded to [X] Plaintiff [ ] Defendant who shall be solely responsible for payment of any and all debts, encumbrances, costs or expenses, now existing or hereafter incurred, relating to the real estate, and who shall indemnify and hold the other party harmless therefrom.

    [X] **Recording Judgment.** [X] Plaintiff [ ] Defendant shall be responsible for recording this Judgment, or an abstract of this Judgment, in the appropriate registry or registries of deeds and shall pay all costs and expenses that are necessary to comply with this provision.

Blumberg No. 5137

I

4. **DEBTS.** Except as otherwise set forth in this Judgment, each party is solely responsible for any debt(s) in his or her name and any debt(s) on the property awarded to that party in this Judgment and shall indemnify and hold the other party harmless from such debt(s).

5. **SPOUSAL SUPPORT.**

   [X] Neither party shall pay spousal support to the other.

6. **RESUMPTION OF FORMER NAME.**

The name of [ ] Plaintiff [ ] Defendant is changed to: _____

7. **OTHER:** _____

8. **DOCKET ENTRY.** Pursuant to Rule 79(a) M.R.Civ.P., the Clerk shall make the following docket entry: "Divorce granted and Judgment filed."

By order of the Court, the Divorce Judgment shall be incorporated by reference in the Civil Docket.

DATED: 2/23/10

_____
Judge, Maine District Court

A TRUE COPY ATTEST:
_____
ASST. CLERK, MAINE DISTRICT COURT #11
SOUTHERN OXFORD DIVISION
PARIS, MAINE 04281

I Debra Bradley and Richard Bradley agree on the following in the divorce settlement.

- Richard pays First & Last mth rent up to $1,000.
- Debra can have all her personal property & Richard will supply 2 Full size beds, & two Bureaus.
- Cash settlement of $3,000 Richard Bradley to Debra Bradley
- Richard will help with moving expenses

This is the Final offer if agreed on Sign below.

_____
Debra Bradley

_____
Richard Bradley

State of Maine
County of Oxford   Date _____

Debra Bradley & Richard Bradley personally appeared before me.

CURTIS W. COLE
Notary Public, State of Maine
My commission expires April 18, 2011

12-22-09
Date

| | |
|---|---|
| STATE OF MAINE<br>OXFORD, ss. | DISTRICT COURT<br>SOUTH PARIS<br>Docket No. FM-09-172 |

RICHARD K. BRADLEY     )
                       )
        Plaintiff      )
                       )
v.                     )   ORDER ON PLAINTIFF'S MOTION FOR
                       )   CONTEMPT AND DEFENDANT'S MOTION
                       )   FOR RELIEF FROM JUDGMENT
DEBRA A. BRADLEY       )
                       )
        Defendant      )

    The court held a consolidated hearing on Plaintiff's Motion for Contempt and Defendant's Motion for Relief from Judgment on August 1, 2014. Plaintiff appeared, represented by Attorney Thomas Carey. Defendant appeared, represented by Attorney Robert Weaver. The court heard testimony from the parties and admitted a number of exhibits into evidence.[1]

    The parties were married in May 2009 and divorced in February 2010. The February 23, 2010 Divorce Judgment incorporated two notarized agreements handwritten by Defendant. At issue is a provision stated in one of the handwritten agreements providing: "I, Debra Bradley agree to pay Richard Bradley 15% of workman comp claim filed as of Sept 2nd 2009." The court incorporated this agreement into the Divorce Judgment after adding the notation: "only lump sum settlement not weekly benefits."

    On November 26, 2013, Plaintiff filed the pending Motion for Contempt asserting that although Defendant had settled her worker's compensation claim on April 18, 2013 for $155,000, she refused to pay Plaintiff the 15% ordered in the parties Divorce Judgment. On January 30, 2014, Defendant filed the pending Motion for Relief from Judgment asserting that she was entitled to relief pursuant to M.R. Civ. P. 60(b)(6) on the ground that "Plaintiff used intimidation and undue coercion" to obtain her agreement to the provision; that she was "under duress" when she signed it; and that enforcement of the provision "would result in manifest injustice."

    The court finds that relief from judgment is not warranted in these circumstances. The conduct complained of – "intimidation and coercion" – falls within the scope of M.R. Civ. P. 60(b)(3), which speaks to relief from judgment for reasons of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, *or other misconduct of an adverse party.*"

---

[1] Pursuant to a March 18, 2014 pre-trial order, the parties filed written affidavits supporting and opposing the pending motions. At the August 1st hearing, neither party moved for the admission of the affidavits into evidence, or requested that the court consider the affidavits as part of the evidentiary record. In ruling on the motions, the court did not rely upon or consider any of the filed affidavits, but rather considered only the testimony and exhibits adduced at the August 1st hearing.



Emphasis added. Motions brought pursuant to Rule 60(b)(3) must be brought within a reasonable time not to exceed one year. *See* M.R. Civ. P. 60(b) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment"). Defendant failed to file within the required time period, and accordingly relief is not warranted pursuant to Rule 60(b)(3).[2] Nor is the court persuaded that relief pursuant to Rule 60(b)(6) is appropriate based on Defendant's assertions regarding "manifest injustice." The divorce court's clarifying notation on the handwritten agreement evidences that the provision was subjected to some scrutiny before it was incorporated into the court's order. Evidence in the record shows that Defendant had promised to share wedding and other expenses, and that the provision at issue was intended to redress her failure to do so. Plaintiff has lived on social security disability payments of approximately $12,000 per year since 1989. He used the proceeds of a settlement he had received to pay for the parties' wedding costs of $10,000 and for their honeymoon to Aruba. He covered all of the household bills and Defendant had promised to compensate him for half of the bills but had not done do so. Plaintiff gave Defendant $3,000 at the time of the divorce, as well as two months rent amounting to $950.00. The parties had initially discussed a lump sum figure in the amount of $20,000 to compensate Plaintiff for the expenses he had incurred, but at Defendant's insistence, she amended the agreement to provide for a percentage payment as she was concerned that if her claim resulted in a small payment a fixed sum in the amount of $20,000 would not be fair to her. Defendant argues that it was not anticipated by either party at the time of the divorce that her injuries would be so extensive or that her worker's compensation award would be so generous, and argues for relief accordingly. The court finds that the 15% figure, while generous to Plaintiff, is not manifestly unjust under the circumstances of this case, and concludes that Defendant is not entitled to avoid her obligation by invoking Rule 60(b)(6).

However, the court is persuaded that the 15% should exclude the $40,000 of the $155,000 worker's compensation claim proceeds earmarked for anticipated future medical costs. *See* Defendant's Exhibit 2 (Worker's Compensation Board document stating at ¶ 16: "Lump Sum Settlement Total Value of Settlement $155,000" and stating at ¶ 20: "Expected Future Medical Costs Related to The Injury: $ 40,000"). While the divorce court specified that the 15% apply to "lump sum settlement" not "weekly benefits," the court has determined that it would not be appropriate in the circumstances of this case to construe the parties' agreement, which specifically provided for "15% of workman comp claim", to include funds earmarked for Defendant's anticipated future medical costs. Defendant is thus required to pay Plaintiff 15% of the lump sum settlement of her worker's compensation claim, minus the medical costs of $40,000. 15% of $115,000 amounts to the sum of $17,250.

---

[2] In addition to the motion's untimeliness, the court is not persuaded by Defendant's argument on the merits. Having heard the parties' testimony, and given that neither party was represented by counsel during the divorce proceeding and that it is undisputed that both of the incorporated agreements, including the language "this is the final offer, if agreed on sign below" were handwritten by Defendant, the court does not find support in the evidence for Defendant's assertions of intimidation, coercion, and duress. The parties had a cordial relationship after the divorce was entered and Defendant stayed at Plaintiff's house a few nights per week until December 2012.

With respect to Plaintiff's Motion for Contempt, M.R. Civ. P. 66(d) requires that, in order for the court to make a finding of contempt, the court must find by clear and convincing evidence both that Defendant "has failed or refused to perform and act required … by a court order" and that it is within Defendant's power "to perform the act required …."

Based on the evidence adduced at hearing, the court finds that, by incorporating the handwritten agreement, the Divorce Judgment required Defendant to pay Plaintiff 15% of the proceeds from her worker's compensation claim. The court finds by clear and convincing evidence that Defendant has failed to make the required payment to Plaintiff. Defendant's offered excuse, that she did not receive a copy of the Divorce Judgment and did not know that the handwritten agreement had been incorporated into the Divorce Judgment, is not credible and in any event does not enable her to avoid her obligations thereunder. The court's docket entry shows that Defendant was mailed a copy of the Divorce Judgment on February 26, 2010. In addition, the court finds credible Plaintiff's testimony that Defendant called him after she received the Divorce Judgment to talk to him about the divorce and acknowledged that she had received the Judgment.

The court further finds by clear and convincing evidence that Defendant has the present ability to pay Plaintiff the sum owed. In May 2013 she received a lump sum payment of $155,000. The court finds that sufficient funds are available to Defendant such that she has the ability to satisfy her obligation to Plaintiff.

Accordingly, it is hereby ORDERED as follows:

1) Defendant's Motion for Relief from Judgment is DENIED.
2) Plaintiff's Motion for Contempt is GRANTED.
3) Defendant Debra Bradley is adjudged to be in contempt pursuant to M.R. Civ. P. 66(d).
4) To purge the contempt, Defendant shall pay Plaintiff the sum of $17,250, no later than October 15, 2014.
5) Defendant shall reimburse Plaintiff for the reasonable attorney's fees and costs incurred in bringing the Motion for Contempt. Counsel shall prepare and file an affidavit detailing the fees and costs related to the motion within 30 days, and the court will thereafter issue a separate order on attorney's fees.

The clerk may incorporate this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 8/6/14

E. Mary Kelly
Maine District Court Judge

3