UNITED STATES BANKRUPTCY COURT
District of Maine

In the matter of

DEBRA ANN BRADLEY                                                                    Chapter 13
     <u>Debtor</u>                                                                                  Case #15-20710

<u>TRUSTEE'S CONTINGENT LIMITED OBJECTION TO MOTION TO WITHDRAW</u>

NOW COME the standing Chapter 13 trustee Peter C. Fessenden and submits the following contingent limited objection to the motion of Carey & Associates to withdraw as counsel for the creditor Richard Bradley.

1/    The motion to withdraw (DE#67) is dated and filed on October 11, 2016. An evidentiary trial on confirmation, with certain pre-hearing requirements, has been set for October 25, 2016 (DE#65). No motion to reschedule or otherwise alter the trial date or briefing schedule appears on the docket. Indeed, counsel is using the scheduled confirmation trial date as the date for hearing on its motion to withdraw.

2/    The motion to withdraw states that Richard Bradley has retained other counsel. No reason other than the retention of other counsel (e.g. failure of Mr. Bradley to cooperate with trial preparation) is cited in the motion. New counsel is not identified. No simultaneous entry of appearance by new counsel has been filed on the docket.

3/    The trustee objects to counsel's motion to withdraw to the extent that it would have the effect of postponing trial. The trustee consents to the motion (but not the order – see below) so long as (a) new counsel appears before October 25, and (b) trial goes forward on October 25.

4/    The form of order is improper where ¶ 1 contradicts the motion which states that Mr. Bradley has retained new counsel already, and would have the effect of postponing trial since it would give an additional 20 days after October 25 to obtain new counsel or advise the court of *pro se* representation. Reference to the Maine Rules of Civil Procedure in the form of order is a drafting oversight where the motion is filed in the United States Bankruptcy Court. (The trustee notes that ¶4 provides that counsel inherently promises to fulfill all pre-trial preparation obligations prior to the hearing on the motion on October 25.)

WHEREFORE, the trustee prays that the court deny the pending motion to the extent that the creditor Richard Bradley would seek to alter or postpone the pretrial orders and trial appearing as a matter of record in this case.

14 October 2016                                              /s/  *Peter C. Fessenden*
                                                             ------------------------------------------------------------
                                                             PETER C. FESSENDEN, Esq.
                                                             Standing Chapter 13 Trustee
                                                             Post Office Box 429
                                                             Brunswick, Maine  04011-0429
                                                             (207) 725-1300

# CERTIFICATE OF SERVICE
# FOR ELECTRONIC CASE FILING

I, **Peter Fessenden, Esq.**, hereby certify that I caused a true and correct copy of the following document(s) to be served today on the parties listed below as follows:

Document(s) served: Trustee's Objection, filed herewith

Service electronically via the Court's ECF system to:
E. Christopher L'Hommedieu, Esq., Debtor's Counsel
Stephen Morrell, Esq., Assistant U.S. Trustee
Stephen Chute, Esq., Counsel for Richard Bradley
*All other parties listed on N.E.F. as being served electronically.*

Service by U.S. first class mail, postage prepaid, to:

Debra Ann Bradley
310 Franklin Street
Rumford, ME 04276

Signed:

Date:   October 14, 2016             */s/ Peter Fessenden*
_____
PETER C. FESSENDEN, Esq., Trustee
Standing Chapter 13 Trustee
Post Office Box 429
Brunswick, Maine  04011-0429
(207) 725-1300